UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS - DALLAS DIVISION

| | | |
|---|---|---|
| **HOPPENSTEIN PROPERTIES, INC.** | § | |
|     *Plaintiff,* | § | |
| | § | |
| v. | § | Civ. Action No. 3:21-cv-01172 |
| | § | |
| **CITY OF DALLAS and EDDIE** | § | |
| **GARCIA, in his official capacity as** | § | |
| **Chief of Police,** | § | |
|     *Defendants.* | § | |

### PLAINTIFF'S MOTION TO ADJUDICATE PLAINTIFF'S APPLICATION FOR PRELIMINARY INJUNCTION

**COMES NOW,** Plaintiff Hoppenstein Properties, Inc., seeking relief pursuant to Fed. R. Civ. P. 65(a), asking the Court to adjudicate and grant Plaintiff's application for a preliminary injunction ("Injunction") as requested in its Original Complaint, incorporated here by reference.

### I.   Preliminary Injunction

1.   Pursuant to Rule 65(b), Plaintiff moves this Court to temporarily enjoin Defendant City of Dallas ("City") from taking further enforcement actions against Plaintiff until such time as the Court can take up Plaintiff's case on the merits.

2.   The grounds for a permanent injunction are satisfied in this case because, as demonstrated in the recently filed Original Petition, upon notification to Defendant of the filing of the underlying suit there arises, 1) a likelihood of success on the merits, 2) a likelihood of irreparable harm, 3) a balance of equities and hardships in

Plaintiff's favor, 4) the injunction would be in the public interest. *See Winter v. Natural Resources Defense Council,* 555 U.S. 7 (2008).

3. Plaintiff brought valid claims against the City in its Original Complaint.

4. The result of the "accord meetings" requires tenants at two different properties owned by Plaintiff to meet the desires of unelected bureaucrats who have determined that the tenants must post a Habitual Criminal Property ("HCP") placard on their businesses. Every reasonable person would recognize as commercially damaging and irreparably harmful. The requirements to avoid such designation do not exist in any tangible form, but the City's HCP ordinance itself makes every property presumptively into an HCP if even the owner of a property is calling police for assistance.

5. Though the City can give a wish list of conditions that would effectively guarantee that the Chief of Police would not require the HCP placard to be posted, these suggested operating conditions include substantially increased cost in both capital and operating costs. Plaintiff is thus left with taking reasonable actions and not knowing if he has met the standard that exists nowhere on paper and can change from one property owner to another.

6. Neither Plaintiff nor its tenants know what is required of them to satisfy the HCP process, even though both tenants have certificates of occupancy which establish a business's operating conditions.

7. The City's process punishes people for asking police for help and establishes a Gestapo-like environment in which it may lean on disfavored businesses. Such unequal treatment and lack of due process violates Plaintiff's rights, as the loss of constitutional freedoms for, "even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976).

8. Plaintiff would benefit by having its rights protected for the pendency of the litigation, and Defendants will suffer no hardship by being compelled to take no further enforcement action against Plaintiff pending this suit.

9. Preventing violations of constitutional rights is in the public interest.

10. Plaintiff is unaware of any standard to which it is held at an accord meeting due to ambiguity in the statute, which is part of the suit itself - the subject ordinance is impermissibly vague. Thus, extraordinary circumstances justify a preliminary injunction without notice to Defendants.

## II.   Grounds for Relief

11. This application is based on Plaintiff's Original Complaint, and its attached exhibits, where Plaintiff has introduced evidence supporting the application.

12. The evidence submitted in Plaintiff's Original Petition, para. 42-53 show:

   a. Plaintiff owns property at 1207 East Red Bird Lane, and at 3306-3330B Elsie Faye Heggins Street.

    b. The City and Eddie Garcia, its Chief of Police, have already undertaken enforcement actions under the Ordinance against Plaintiff's properties.

    c. Unless restrained, Defendants operating on whim, and subject only to their own predilection, will cause Plaintiff to suffer irreparable harm.

13. Because the City and Eddie Garcia have not yet been restrained, Plaintiff has been forced to take the following steps to temporarily avoid HCP status at great personal expense:

    a. Adding additional cameras to the property to be able to better see more of the parking lot and to cover a blind spot in the corner where the South Dallas Grill abuts Dollar Plus.

    b. Establishing remote monitoring of Dallas and Glenview 15 hours each week.

    c. Addressing the double parking in front of South Dallas Grill with the tenant.

    d. Removing problematic trash cans to eliminate places to stash drugs.

    e. Compensating the barber renting a space at the property with free rent so he would convert his space to a sit-down restaurant, eliminating a loitering location.

    f. Having the security vendor for the property place signs around the property making patrons aware that cameras are monitoring the property.

    g. Equipping gates in the rear of the property with razor wire and barbed wire to deter gatherings.

### III.   Prayer

WHEREFORE, Plaintiff requests that the Court set an evidentiary hearing on the application for preliminary injunction and afterward enjoin Defendants from undertaking further enforcement actions against Plaintiff's properties, pending trial on the merits.

Respectfully submitted,

>By: s/*Warren V. Norred*/
>Warren V. Norred, Texas Bar 24045094, warren@norredlaw.com
>515 E. Border St., Arlington, TX 76010
>O 817-704-3984; F 817-524-6686
>Attorney for Plaintiff

**CERTIFICATE OF SERVICE** - I hereby certify that on June 29, 2021, I filed this motion through the Court's ECF system, to Charles Estee and Kathleen Fones.

>s/Warren V. Norred/
>Warren V. Norred

**CERTIFICATE OF CONFERENCE** - I hereby certify that I sought conference on equitable relief with the City of Dallas; Edward Brookins, representing the CIty of Dallas indicated by return email that the City would continue with its proceedings unless the Court restrained it, leaving this matter to the Court.

>s/Warren V. Norred/
>Warren V. Norred