## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS - DALLAS DIVISION

| | | |
|---|---|---|
| HOPPENSTEIN PROPERTIES, INC. | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civ. Action No.3:21-cv-01172 |
| | § | |
| CITY OF DALLAS and EDDIE GARCIA, in | § | |
| his official capacity as Chief of Police, | § | |
| *Defendants.* | § | |
| | § | |

## PLAINTIFF'S APPENDIX TO ITS OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Warren V. Norred
Texas Bar No. 24045094;
wnorred@norredlaw.com
515 E. Border Street;
Arlington, Texas 76010
Tel. (817) 704-3984; Fax. (817) 524-6686
*Attorney for Plaintiff*

## <u>APPENDIX TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS</u>

Exh. 1; EFH Original Petition for Review                                    1

Exh. 2; RBL Findings of Fact Original                                      10

Exh. 3; RBL Findings of Fact Amended                                      14

Exh. 4; RBL PLAB Attendance                                               18

Exh. 5; EFH Findings of Fact                                              19

Exh. 6; EFH PLAB Attendance                                               23

Exh. 7; PLAB Vacancies August 2021                                        24

Exh. 8; PLAB Board Members September 2021                                 25

Exh. 9; PLAB Minutes February 2021                                        27

Respectfully submitted,

/s/ Warren V. Norred
Warren V. Norred
Texas Bar No. 24045094;
wnorred@norredlaw.com
515 E. Border Street; Arlington, Texas 76010
Tel. (817) 704-3984; Fax. (817) 524-6686
*Attorney for Plaintiff*

CERTIFICATE OF SERVICE - I certify that the above was served on all parties seeking service in the instant case via the Court's e-file system on September 17, 2021.

/s/Warren V. Norred

FILED
8/25/2021 4:52 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Angie Avina DEPUTY

Case 3:21-cv-01172-K   Document 33   Filed 09/17/21   Page 3 of 30   PageID 588   Exhibit 1

DC-21-11551

## CAUSE NO. DC-_____

| | | |
|---|---|---|
| **HOPPENSTEIN PROPERTIES, INC.,** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| *v.* | § | |
| | § | 298th__**JUDICIAL COURT** |
| **CITY OF DALLAS PERMIT AND** | § | |
| **LICENSE APPEAL BOARD,** | § | |
| *Defendant.* | § | **DALLAS COUNTY, TEXAS** |

### PLAINTIFF'S ORIGINAL PETITION FOR JUDICIAL REVIEW

COMES NOW Hoppenstein Properties, Inc., Plaintiff, complains of the City of Dallas Permit and License Appeal Board ("PLAB") and by this petition seeks review of a decision of the PLAB.

SUMMARIZING: While Plaintiff has exhausted all of its administrative remedies, it remains aggrieved by the PLAB's final decision, which substantially prejudiced Plaintiff's rights. Plaintiff therefore seeks the judicial review entitled to it by the City of Dallas Code, Texas Government Code, and the Texas Constitution.

# I.   PARTIES

1.      The Plaintiff Hoppenstein Properties, Inc. is a Texas corporation, PO Box 207,

Waco, Texas 76703, Texas and service of process may be had by serving its counsel

of record the undersigned.

2.      The PLAB is a municipal board and service of process may be had by serving

the City Attorney at  1500 Marilla St #7dn, Dallas, Texas 75201.

# II.   VENUE AND JURISDICTION

3.      The events complained of occurred within Dallas County. Additionally, Tex.

Gov't Code Ann. §  2001.171 provides a limited waiver of sovereign immunity. *See*

*Tex. Dep't of Protective & Regulatory Servs. v. Mega Child Care, Inc.*, 145 S.W.3d

170, (Tex. 2004).

# III.   DISCOVERY

4.      Plaintiff  pleads that discovery should be conducted in accordance with a

tailored discovery control plan under Civil Procedure Rule 190.4.

# IV.   FACTUAL BACKGROUND

5.      On April 29, 2021, Plaintiff received a letter from the Chief of Police dated

April 27, 2021 and signed April 21, 2021. This letter served as a notice to inform

Plaintiff that its real property, located at 1207 E. Redbird Ln., Dallas, Texas 75241,

had been presumed to be a "habitual criminal property."

6.      On or about May 26, 2021, Plaintiff attended the mandatory Accord Meeting.

*Hoppenstein Properties, Inc., v. City of Dallas Permit and License Appeal Board*          Page 2

7.      Thereafter, Plaintiff received a second letter, dated and signed July 7, 2021, or approximately 40 days after the Accord Meeting. This letter served as a "Notice of Final Designation as a Habitual Criminal Property for 1207 E. Redbird Ln., Dallas, Texas 75241."

8.      Plaintiff timely filed its notice of appeal on July 16, 2021, in person, at the City of Dallas City Secretary's Office.

9.      On  August 5, 2021, a hearing was held before the PLAB, which moved and then voted to affirm the Chief's Final Determination. In connection with the hearing, a record was made consisting of all pleadings and evidence introduced before the PLAB. Case number 21-5952.

10.     Demand is hereby made that the PLAB transmit the original or a certified copy of the entire record of such proceedings to the Court within the time permitted by law for the filing of an answer in this cause.

## IV.   LEGAL STANDARDS

11.     When an administrative order is appealed to a trial court, the trial court must examine the administrative law judge's order to determine whether it is reasonably supported by substantial evidence, considering the record as a whole. The party seeking judicial review shall offer, and the reviewing court shall admit, the state agency record into evidence as an exhibit. Tex. Gov't Code § 2001.175(d).

12.     Whether substantial evidence supports an administrative decision is a question of law. *Texas Dep't of Pub. Safety v. Alford*, 209 S.W.3d 101, 103 (Tex. 2006).

13.     Judicial review of administrative action by other than trial de novo is a true appeal because the court's review of the evidence is limited to the agency's record. Tex. Gov't Code § 2001.175. No other judgment may be substituted for that of the agency as to the weight of the evidence on questions committed to agency discretion. *See* Tex. Gov't Code § 2001.172.

14.     The right to find facts rests with the administrative agency. *Pub. Util. Comm'n v. AT&T Commc'ns*, 777 S.W.2d 363, 365 (Tex. 1989).

15.     In general, a court reviewing administrative action under the substantial evidence rule is concerned only with the reasonableness of the administrative order, not with its correctness. *El Paso v. Pub. Util. Comm'n of Tex.*, 883 S.W.2d 179, 185 (Tex. 1994). A party may apply to the court to present additional evidence. If the court is satisfied that the additional evidence is material and that there were good reasons for the failure to present it in the proceeding before the state agency, the court may order that the additional evidence be taken before the agency on conditions determined by the court. The agency may change its findings and decision by reason of the additional evidence and shall file the additional evidence and any changes, new findings, or decisions with the reviewing court. Tex. Gov't Code § 2001.175.

16.    A court shall conduct the review sitting without a jury and is confined to the agency record, except that the court may receive evidence of procedural irregularities alleged to have occurred before the agency that are not reflected in the record. In reviewing an agency decision under the substantial evidence test, the court may consider only the evidence introduced before the agency, except that it may receive evidence of procedural irregularities alleged to have occurred before the agency but not reflected in the record. Tex. Gov't Code § 2001.175; *see Tex. Water Comm'n v. Dellana*, 849 S.W.2d 808, 810 (Tex. 1993) (where court held that once petitioner has exhausted administrative remedies and petitioned for judicial review, reviewing court may go beyond agency record to receive evidence of procedural irregularities alleged to have occurred before agency but not reflected in record); *In re Edwards Aquifer Authority*, 217 S.W.3d 581, 589 (Tex. App.—San Antonio 2006, no pet.).

17.    All of the evidence introduced before the agency that supported the agency's decision is material in a proceeding to review the agency decision under the substantial evidence rule. The reviewing court may not determine whether substantial evidence supported the agency decision unless all of that evidence is before it. Thus, the person contesting the agency decision must ensure that the full record is before the reviewing court. *See Flowers v. Alcoholic Beverage Comm'n*, 782 S.W.2d 343, 343–344 (Tex. App.—Beaumont 1989, writ denied).

18.    The agency will transmit the original or a certified copy of the entire record of the proceeding under review to the reviewing court. The copy of the agency record must be filed with the clerk of the court. Tex. Gov't Code § 2001.175(b), and the party seeking judicial review must offer, and the reviewing court must admit, the agency record into evidence as an exhibit. Tex. Gov't Code § 2001.175(d).

19.    A reviewing court must answer two inquiries in determining whether an administrative decision meets the substantial evidence test. First, the court must determine whether the findings of underlying fact stated in the agency order fairly support the agency's findings of ultimate fact or conclusions of law also stated in the order as the basis for the agency's decision. If so, the court must determine whether the findings of underlying fact have reasonable support in the evidence adduced in the agency proceeding. *Tex. Health Facilities v. Charter Medical-Dallas*, 665 S.W.2d 446, 452–453 (Tex. 1984).

20.    An agency decision is also subject to reversal or remand if substantial rights of the appellant have been prejudiced because the agency decision is (1) in violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made on unlawful procedure; or (4) affected by other error of law; *see*, *e.g*., *Hernandez v. Meno*, 828 S.W.2d 491, 493–495 (Tex. App.—Austin 1992, writ denied).

21.     Even under the substantial evidence test, the agency's legal determinations are reviewed under a de novo standard. *Tex. Dep't of Public Safety v. Hutcheson*, 235 S.W.3d 312, 314 (Tex. App.—Corpus Christi 2007, pet. denied).

22.     The agency's interpretation of a statute that the agency is charged with enforcing is entitled to serious consideration, as long as it is reasonable and does not contradict the statute's plain language. *Harris Cnty. Appraisal Dist. v. Tex. Workforce Comm'n*, 519 S.W.3d 113, 118 (Tex. 2017).

23.     A ground for reversing or remanding an agency decision is that it is arbitrary or capricious. Tex. Gov't Code § 2001.174(2)(F); *see, e.e..*, *AEP Texas North Co. v. Public Utility Com'n*, 297 S.W.3d 435, 450 (Tex. App.—Austin 2009, pet. denied) (where court held that it was arbitrary and capricious for agency to adopt new policy subsequent to hearing).

24.     Arbitrariness is determined by examining the agency's decision to see if it was based on a consideration of all relevant factors. An administrative decision may be supported by substantial evidence and yet be invalid because it is arbitrary. *Slavin v. City of San Antonio*, 330 S.W.3d 670, 672–673 (Tex. App.—San Antonio 2010, no pet.). An agency decision may be arbitrary and capricious if it is based on legally irrelevant factors or if legally relevant factors were not considered. *El Paso v. Pub. Util. Comm'n of Tex.*, 883 S.W.2d 179, 184 (Tex. 1994).

25.     In deciding the appeal, the PLAB is limited to the issues of whether the presumptions in Section 27-48 of this chapter, as amended, are satisfied. City of Dallas Code § 2-51.

26.     The scope of authority granted to the PLAB is determined by § 2-51, which incorporates § 27-48 (not, importantly, 27-48(a) or 27-48(b) only).

27.     The City of Dallas Code § 27-48 in turn incorporates § 27-49(b)(1), which reads in pertinent part that the owner may present evidence that the owner has taken reasonable steps to abate the abatable criminal activity, including, without limitation [§ 27-49(b)(1)(i-vi)].

28.     The City Attorney represented, to Plaintiff's objection, that the scope of PLAB's authority did not reach § 27-49(b)(1), which plainly states that Plaintiff may present evidence that it has taken reasonable steps *without limitation*.

29.     Plaintiff did take reasonable steps. Plaintiff was under no obligation to take every step listed, in addition to those potentially suggested by a city employee. In the face of the Chief of Police's "rebuttable presumption" Plaintiff met its burden; it took reasonable steps to abate abatable criminal activity and evidence of the same was presented both at the Accord Meeting and at the PLAB hearing.

## V.     CONDITIONS PRECEDENT

30.     All conditions precedent having occurred, Plaintiff is entitled to judicial review of the PLAB's decision.

## V. DAMAGES

31.    As a result of the unlawful and improper action of agency as described above,

the Plaintiff has suffered harm and prejudice to its rights.

## VI. PRAYER

32.    WHEREFORE, the Plaintiff requests that the PLAB be cited to appear and

answer, and that on final trial, the Plaintiff have judgment of the Court:

> i.    PLAB and interested parties be cited to appear and
> answer.
>
> ii. On final hearing, PLAB decision be reversed or
> remanded for further proceedings consistent with court's
> judgment.
>
> iii. Court tax costs against PLAB and grant Plaintiff
> general relief.

Respectfully submitted,

/s/ Warren V. Norred
Warren V. Norred,
Texas Bar No. 24045094,
wnorred@norredlaw.com
515 E. Border St., Arlington, Texas 76010
Tel. (817) 704-3984, Fax. (817) 524-6686
Attorney for Plaintiff

Exhibit 2

| | |
|---|---|
| THE STATE OF TEXAS | § |
| | §  FINDINGS OF FACT AND ORDER |
| | §  OF THE PERMIT AND LICENSE |
| | §  APPEALS BOARD OF THE |
| | §  CITY OF DALLAS, TEXAS |
| COUNTY OF DALLAS | § |

## I.  JURISDICTION OF PERMIT AND LICENSE APPEALS BOARD

A.     APPEAL OF DENIAL.  Section 27-48 of the Dallas City Code provides:

(a)     A property is presumed a habitual criminal property if the property is the site:

(1)     of five or more abatable criminal activities within 365 days resulting in either a report of a law enforcement agency documenting an investigation of an abatable criminal activity on the property or enforcement action against any person associated with the abatable criminal activity on the property; and

(2)     at which persons have historically committed abatable criminal activities, according to recent crime data.

(b)     An owner of a habitual criminal property is presumed to have knowingly tolerated the abatable criminal activity at the owner's property by failing to take reasonable steps, including those outlined in Section 27-49(b)(1) of this chapter, as amended, to abate the abatable criminal activity.

On July 7, 2021, the real property of Maria Retail Inc., c/o Abdel Hussein ("Applicant"), located at 1207 E. Red Bird Lane, Dallas, Texas, was designated as a habitual criminal property under Chapter 27, Article VIII, of the Dallas City Code.  Applicant appealed the chief of police's decision to the Permit and License Appeals Board pursuant to Sections 27-51 and 2-96(a) of the Dallas City Code which state:

**Section 27-51**

"The chief's determinations under Sections 27-49 and 27-50 of this chapter, as amended, are final unless the owner files a written appeal to the permit and license appeal board.  The appeal must be filed with the city secretary not later than 10 calendar days after the date the owner receives the notice of the chief's final determination.  A person who does not attend the accord meeting is not entitled to an appeal under this section for one year after the accord meeting date in the notice.  Only the owner is entitled to an appeal under this article."

**Section 2-96**

"(a)     If the director of a city department denies, suspends, or revokes a license or permit over which the director has regulatory authority, and no appeal is provided by ordinance to another city board, the action is final unless the applicant, licensee, or permittee files a written appeal to the permit and license appeal board with the city secretary within 10 calendar days after the date of receiving notice of the director's action."

B.     COMPOSITION OF PANEL.  Section 2-95 of the Dallas City Code provides, in pertinent part:

"(a)     There is hereby created the permit and license appeal board of the city, which shall be composed of 15 members. Each city council member shall appoint one member to the board. The mayor shall appoint the board chair, and the full city council shall appoint the vice-chair.

(b)     The permit and license appeal board shall hear appeals of department directors' actions on licenses and permits issued by the city filed in accordance with Section 2-96 of this chapter and requests for exemptions from locational restrictions filed in accordance with Section 14-2.3, 14-2.4, or 41A-14 of this code, whichever applies."

* * *

## II. FINDINGS OF FACT

On August 5, 2021, the Board considered the evidence and arguments presented by the Applicant and the Dallas Police Department. Board member _Steinhart_ made the motion to _X_ affirm the decision of the Chief of Police / ____ find for the Applicant and reverse the decision of the Chief of Police, in accordance with Chapter 27 and Section 2-96 of the Dallas City Code, seconded by _Board member Kight_. The Board approved the motion by a vote of _8-0 (unanimus vote)_.

**The Board finds the following:**

(1)   The property _X_ is / ____ is not the site of five or more abatable criminal activities within 365 days resulting in either a report of a law enforcement agency documenting an investigation of an abatable criminal activity on the property or enforcement action against any person associated with the abatable criminal activity on the property;

(2)   The property _X_ is / ____ is not the site at which persons have historically committed abatable criminal activities, according to recent crime data; and

(3)   _X_ The owner of the habitual criminal property **knowingly** tolerated the abatable criminal activity at the owner's property **by failing to take reasonable steps**, including those outlined in Section 27-49(b)(1) of the Code, as amended, to abate the abatable criminal activity.
____ The owner of the habitual criminal property **did not knowingly** tolerate the abatable criminal activity at the owner's property and **has taken reasonable steps**, including those outlined in Section 27-49(b)(1) of the Code, as amended, to abate the abatable criminal activity.

* * *

## III. ORDER OF THE PERMIT AND LICENSE APPEALS BOARD

It is hereby adjudged and ordered by the Permit and License Appeals Board that the Applicant ___ **has** / ☒ **has not** satisfied its burden of proof as required by the Dallas City Code, and therefore, ☒ affirms the decision of the Chief of Police / ___ finds for the Applicant and reverses the decision of the Chief of Police, in accordance with Chapter 27 and Section 2-96 of the Dallas City Code.

APPROVED AS TO FORM:
GENERAL COUNSEL, PERMIT AND LICENSE APPEALS BOARD

By *Aura Lamberti Holmes*

General Counsel

THE PERMIT AND LICENSE APPEALS BOARD

| | | Aye | Nay |
|---|---|---|---|
| By *Benjamin Setnick* (Aug 5, 2021 15:49 CDT) | Voting on the motion | ☑ | ☐ |
| By *Brandi Patterson* | Voting on the motion | ☑ | ☐ |
| By *Derrick Nutall* (Aug 5, 2021 16:31 CDT) | Voting on the motion | ☐ | ☐ |
| By *Richard A. Cuccia, II* (Aug 5, 2021 17:11 CDT) | Voting on the motion | ☑ | ☐ |
| By *Derrich Phillips* (Aug 6, 2021 14:38 CDT) | Voting on the motion | ☐ | ☐ |
| By *Kenny Steinhart* (Aug 5, 2021 22:35 MDT) | Voting on the motion | ☐ | ☐ |

*robert richard*
BY robert richard (Aug 7, 2021 13:57 CDT) _____ Voting on the motion    ☐ Aye    ☐ Nay

*Charles W Kight*
BY Charles W Kight (Aug 5, 2021 17:15 CDT) _____ Voting on the motion    ☑ Aye    ☐ Nay

BY_____ Voting on the motion    Aye    Nay

BY_____ Voting on the motion    Aye    Nay

BY_____ Voting on the motion    Aye    Nay

BY_____ Voting on the motion    Aye    Nay

BY_____ Voting on the motion    Aye    Nay

BY_____ Voting on the motion    Aye    Nay

BY_____ Voting on the motion    Aye    Nay

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | FINDINGS OF FACT AND ORDER |
| | § | OF THE PERMIT AND LICENSE |
| | § | APPEALS BOARD OF THE |
| | § | CITY OF DALLAS, TEXAS |
| | § | |
| COUNTY OF DALLAS | § | |

## I.  JURISDICTION OF PERMIT AND LICENSE APPEALS BOARD

A.   APPEAL OF DENIAL.  Section 27-48 of the Dallas City Code provides:

(a)   A property is presumed a habitual criminal property if the property is the site:

(1)   of five or more abatable criminal activities within 365 days resulting in either a report of a law enforcement agency documenting an investigation of an abatable criminal activity on the property or enforcement action against any person associated with the abatable criminal activity on the property; and

(2)   at which persons have historically committed abatable criminal activities, according to recent crime data.

(b)   An owner of a habitual criminal property is presumed to have knowingly tolerated the abatable criminal activity at the owner's property by failing to take reasonable steps, including those outlined in Section 27-49(b)(1) of this chapter, as amended, to abate the abatable criminal activity.

On July 7, 2021, the real property of Hoppenstein Properties, Inc., c/o Norman Hoppenstein 'Applicant' located at 1207 E. Red Bird Lane, Dallas, Texas, was designated as a habitual criminal property under Chapter 27, Article VIII, of the Dallas City Code.  Applicant appealed the chief of police's decision to the Permit and License Appeals Board pursuant to Sections 27-51 and 2-96(a) of the Dallas City Code which state:

## Section 27-51

"The chief's determinations under Sections 27-49 and 27-50 of this chapter, as amended, are final unless the owner files a written appeal to the permit and license appeal board.  The appeal must be filed with the city secretary not later than 10 calendar days after the date the owner receives the notice of the chief's final determination.  A person who does not attend the accord meeting is not entitled to an appeal under this section for one year after the accord meeting date in the notice.  Only the owner is entitled to an appeal under this article."

## Section 2-96

"(a)   If the director of a city department denies, suspends, or revokes a license or permit over which the director has regulatory authority, and no appeal is provided by ordinance to another city board, the action is final unless the applicant, licensee, or permittee files a written appeal to the permit and license appeal board with the city secretary within 10 calendar days after the date of receiving notice of the director's action."

B.   COMPOSITION OF PANEL.  Section 2-95 of the Dallas City Code provides, in pertinent part:

"(a)     There is hereby created the permit and license appeal board of the city, which shall be composed of 15 members.  Each city council member shall appoint one member to the board.  The mayor shall appoint the board chair, and the full city council shall appoint the vice-chair.

(b)     The permit and license appeal board shall hear appeals of department directors' actions on licenses and permits issued by the city filed in accordance with Section 2-96 of this chapter and requests for exemptions from locational restrictions filed in accordance with Section 14-2.3, 14-2.4, or 41A-14 of this code, whichever applies."

* * *

## II. FINDINGS OF FACT

On August 5, 2021, the Board considered the evidence and arguments presented by the Applicant and the Dallas Police Department.  Board member _Steinhart_ made the motion to X affirm the decision of the Chief of Police / ____ find for the Applicant and reverse the decision of the Chief of Police, in accordance with Chapter 27 and Section 2-96 of the Dallas City Code, seconded by _Boardmember Kight_. The Board approved the motion by a vote of _8-0 (unanimous vote)_.

**The Board finds the following:**

(1)     The property X **is** / ____ **is not** the site of five or more abatable criminal activities within 365 days resulting in either a report of a law enforcement agency documenting an investigation of an abatable criminal activity on the property or enforcement action against any person associated with the abatable criminal activity on the property;

(2)     The property X **is** / ____ **is not** the site at which persons have historically committed abatable criminal activities, according to recent crime data; and

(3)     X The owner of the habitual criminal property **knowingly** tolerated the abatable criminal activity at the owner's property **by failing to take reasonable steps**, including those outlined in Section 27-49(b)(1) of the Code, as amended, to abate the abatable criminal activity.

____ The owner of the habitual criminal property **did not knowingly** tolerate the abatable criminal activity at the owner's property and **has taken reasonable steps**, including those outlined in Section 27-49(b)(1) of the Code, as amended, to abate the abatable criminal activity.

* * *

## III.  ORDER OF THE PERMIT AND LICENSE APPEALS BOARD

It is hereby adjudged and ordered by the Permit and License Appeals Board that the Applicant ____ **has /** ✗ **has not** satisfied its burden of proof as required by the Dallas City Code, and therefore, ✗ affirms the decision of the Chief of Police / ____ finds for the Applicant and reverses the decision of the Chief of Police, in accordance with Chapter 27 and Section 2-96 of the Dallas City Code.

APPROVED AS TO FORM:
GENERAL COUNSEL, PERMIT AND LICENSE APPEALS BOARD

By *Anna Lamberti Holmes*

General Counsel


THE PERMIT AND LICENSE APPEALS BOARD


By *Benjamin Setnick*
Benjamin Setnick (Aug 5, 2021 15:49 CDT) _____ Voting on the motion   ☑ Aye   ☐ Nay

By *Brandi Patterson* _____ Voting on the motion   ☑ Aye   ☐ Nay

By *Derrick Nutall*
Derrick Nutall (Aug 5, 2021 16:31 CDT) _____ Voting on the motion   ☐ Aye   ☐ Nay

By *Richard A. Cuccia, II*
Richard A. Cuccia, II (Aug 5, 2021 17:11 CDT) _____ Voting on the motion   ☑ Aye   ☐ Nay

By
Derrick Phillips (Aug 6, 2021 14:38 CDT) _____ Voting on the motion   ☐ Aye   ☐ Nay

By
Kenny Steinhart (Aug 5, 2021 22:35 MDT) _____ Voting on the motion   ☐ Aye   ☐ Nay

BY *robert richard*
robert richard (Aug 7, 2021 13:57 CDT)
_____   Voting on the motion   ☐ Aye   ☐ Nay

BY *Charles W Kight*
Charles W Kight (Aug 9, 2021 17:15 CDT)
_____   Voting on the motion   ☑ Aye   ☐ Nay

BY _____   Voting on the motion   Aye   Nay

BY _____   Voting on the motion   Aye   Nay

BY _____   Voting on the motion   Aye   Nay

BY _____   Voting on the motion   Aye   Nay

BY _____   Voting on the motion   Aye   Nay

BY _____   Voting on the motion   Aye   Nay

BY _____   Voting on the motion   Aye   Nay

Exhibit 4
## 21-5952

# PERMIT AND LICENSE APPEAL BOARD
# 2021 ATTENDANCE REPORT

**HEARING:**   HOPPENSTEIN PROPERTIES INC.            **DATE:**   08/05/21

**TIME:**   10:01 AM                 1:45 PM                 **HEARING FILE:**   21-5952
             Start                      End

| POSITION | BOARD MEMBER | ATTENDANCE |
|----------|--------------|------------|
| Chair / Place 15 | Benjamin Setnick | P |
| Place 01 | Nancy Galvan | A |
| Place 02 | VACANT | V |
| Place 03 | VACANT | V |
| Place 04 | VACANT | V |
| Place 05 | VACANT | V |
| Place 06 | Brandi Patterson | P |
| Place 07 | Derrick Nutall | P |
| Place 08 | VACANT | V |
| Place 09 | Richard Cuccia | P |
| Place 10 | Derrich Phillips | P |
| Place 11 | Kenneth Steinhart | P |
| Place 12 | Robert Richard | P |
| Place 13 | Charles Kight | P |
| Place 14 | VACANT | V |

Legend:  A–Absent; AW–Appeal Withdrawn at hearing; AWVT–Absent When Vote Taken; CON–Conflict; P–Present; V–Vacant; OH-Observe Hearing

| THE STATE OF TEXAS | § | FINDINGS OF FACT AND ORDER |
|---|---|---|
| | § | OF THE PERMIT AND LICENSE |
| | § | APPEALS BOARD OF THE |
| | § | CITY OF DALLAS, TEXAS |
| COUNTY OF DALLAS | § | |

### I.  JURISDICTION OF PERMIT AND LICENSE APPEALS BOARD

    A.    APPEAL OF DENIAL. Section 27-48 of the Dallas City Code provides:

        (a)    A property is presumed a habitual criminal property if the property is the site:

        (1)    of five or more abatable criminal activities within 365 days resulting in either a report of a law enforcement agency documenting an investigation of an abatable criminal activity on the property or enforcement action against any person associated with the abatable criminal activity on the property; and

        (2)    at which persons have historically committed abatable criminal activities, according to recent crime data.

        (b)    An owner of a habitual criminal property is presumed to have knowingly tolerated the abatable criminal activity at the owner's property by failing to take reasonable steps, including those outlined in Section 27-49(b)(1) of this chapter, as amended, to abate the abatable criminal activity.

    On August 11, 2021, the real property of Hoppenstein Properties, Inc. ("Applicant"), located at 3308 Elsie Faye Heggins Street, Dallas, Texas, was designated as a habitual criminal property under Chapter 27, Article VIII, of the Dallas City Code.  Applicant appealed the chief of police's decision to the Permit and License Appeals Board pursuant to Sections 27-51 and 2-96(a) of the Dallas City Code which state:

**Section 27-51**

    "The chief's determinations under Sections 27-49 and 27-50 of this chapter, as amended, are final unless the owner files a written appeal to the permit and license appeal board.  The appeal must be filed with the city secretary not later than 10 calendar days after the date the owner receives the notice of the chief's final determination.  A person who does not attend the accord meeting is not entitled to an appeal under this section for one year after the accord meeting date in the notice.  Only the owner is entitled to an appeal under this article."

**Section 2-96**

    "(a)    If the director of a city department denies, suspends, or revokes a license or permit over which the director has regulatory authority, and no appeal is provided by ordinance to another city board, the action is final unless the applicant, licensee, or permittee files a written appeal to the permit and license appeal board with the city secretary within 10 calendar days after the date of receiving notice of the director's action."

    B.    COMPOSITION OF PANEL. Section 2-95 of the Dallas City Code provides, in pertinent part:

"(a)    There is hereby created the permit and license appeal board of the city, which shall be composed of 15 members. Each city council member shall appoint one member to the board. The mayor shall appoint the board chair, and the full city council shall appoint the vice-chair.

(b)    The permit and license appeal board shall hear appeals of department directors' actions on licenses and permits issued by the city filed in accordance with Section 2-96 of this chapter and requests for exemptions from locational restrictions filed in accordance with Section 14-2.3, 14-2.4, or 41A-14 of this code, whichever applies."

\* \* \*

## II. FINDINGS OF FACT

On September 2, 2021, the Board considered the evidence and arguments presented by the Applicant and the Dallas Police Department. Board member __Derrick Nuttall__ made the motion to __X__ affirm the decision of the Chief of Police / ___ find for the Applicant and reverse the decision of the Chief of Police, in accordance with Chapter 27 and Section 2-96 of the Dallas City Code, seconded by __Robert Richards__. The Board approved the motion by a vote of __6-0__.

**The Board finds the following:**

(1)    The property __X__ is / ___ **is not** the site of five or more abatable criminal activities within 365 days resulting in either a report of a law enforcement agency documenting an investigation of an abatable criminal activity on the property or enforcement action against any person associated with the abatable criminal activity on the property;

(2)    The property __X__ is / ___ **is not** the site at which persons have historically committed abatable criminal activities, according to recent crime data; and

(3)    __X__ The owner of the habitual criminal property **knowingly** tolerated the abatable criminal activity at the owner's property **by failing to take reasonable steps,** including those outlined in Section 27-49(b)(1) of the Code, as amended, to abate the abatable criminal activity.
___ The owner of the habitual criminal property **did not knowingly** tolerate the abatable criminal activity at the owner's property and **has taken reasonable steps,** including those outlined in Section 27-49(b)(1) of the Code, as amended, to abate the abatable criminal activity.

\* \* \*

## III. ORDER OF THE PERMIT AND LICENSE APPEALS BOARD

It is hereby adjudged and ordered by the Permit and License Appeals Board that the Applicant ___ has / ☒ **has not** satisfied its burden of proof as required by the Dallas City Code, and therefore, ☒ affirms the decision of the Chief of Police / ___ finds for the Applicant and reverses the decision of the Chief of Police, in accordance with Chapter 27 and Section 2-96 of the Dallas City Code.

APPROVED AS TO FORM:
GENERAL COUNSEL, PERMIT AND LICENSE APPEALS BOARD

By _Anna Lambert Holmes_

General Counsel

THE PERMIT AND LICENSE APPEALS BOARD

By _____ Chair_ Voting on the motion   Aye   Nay

By _____ Voting on the motion   Aye   Nay

By _Derrick J Nutall_ (Sep 2, 2021 14:34 CDT)   Voting on the motion   ☑ Aye   Nay

By _Richard A. Cuccia, II_ (Sep 3, 2021 09:14 CDT)   Voting on the motion   ☑ Aye   Nay

By _Kenneth Steinhart_ (Sep 3, 2021 09:25 CDT)   Voting on the motion   ☑ Aye   Nay

By _Charles W Kight_ (Sep 2, 2021 14:19 CDT)   Voting on the motion   ☑ Aye   Nay

By_____ Voting on the motion     Aye     Nay

By_____ Voting on the motion     Aye     Nay

By_____ Voting on the motion     Aye     Nay

By_____ Voting on the motion     Aye     Nay

By_____ Voting on the motion     Aye     Nay

By_____ Voting on the motion     Aye     Nay

By_____ Voting on the motion     Aye     Nay

By_____ Voting on the motion     Aye     Nay

By_____ Voting on the motion     Aye     Nay

Exhibit 6

# 21-6002

## PERMIT AND LICENSE APPEAL BOARD
## 2021 ATTENDANCE REPORT

**HEARING:**   HOPPENSTEIN PROPERTIES INC.                  **DATE:**  09/02/21

**TIME:**  8:38 AM            12:30 PM                  **HEARING FILE:** 21-6002
         Start              End

| POSITION | BOARD MEMBER | ATTENDANCE |
|---|---|---|
| Chair / Place 15 | Benjamin Setnick | P |
| Place 01 | Nancy Galvan | A |
| Place 02 | VACANT | V |
| Place 03 | VACANT | V |
| Place 04 | VACANT | V |
| Place 05 | VACANT | V |
| Place 06 | VACANT | V |
| Place 07 | Derrick Nutall | P |
| Place 08 | VACANT | V |
| Place 09 | Richard Cuccia | P |
| Place 10 | Derrich Phillips | A |
| Place 11 | Kenneth Steinhart | P |
| Place 12 | Robert Richard | P |
| Place 13 | Charles Kight | P |
| Place 14 | VACANT | V |

Legend:  A–Absent; AW–Appeal Withdrawn at hearing; AWVT–Absent When Vote Taken; CON–Conflict; P–Present; V–Vacant; OH-Observe Hearing

MLK  District 06  VACANT
MLK  District 13  VACANT
MLK  District 14  VACANT

---

## NFC  -  NORTH TEXAS EDUCATION FINANCE CORPORATION

Membership:  11 members nominated by the City Manager and appointed by the full City Council

NFC  Position 06  VACANT
NFC  Position 07  VACANT
NFC  Position 08  VACANT
NFC  Position 09  VACANT
NFC  Position 10  VACANT
NFC  Position 11  VACANT

---

## NOC  -  NORTH OAK CLIFF MUNICIPAL MANAGEMENT DISTRICT

Membership:  6 members appointed by the full City Council and 1 Assistant City Manager, 1 Chief Financial Officer, 1 Economic Development Director

NOC  Position 01  VACANT
NOC  Position 02  VACANT
NOC  Position 04  VACANT
NOC  Position 06  VACANT
NOC  Position 09  VACANT

---

## PLA  -  PERMIT AND LICENSE APPEAL BOARD

Membership:  15 members, one appointed by each City Council member.

ALL TERMS END:  09/30/2021

PLA  District 02  VACANT
PLA  District 03  VACANT
PLA  District 04  VACANT
PLA  District 05  VACANT
PLA  District 08  VACANT
PLA  District 14  VACANT

---

## RDC  -  REDISTRICTING COMMISSION

Membership:  15 members:  one appointed by each  City Council member

RDC  District 03  VACANT
RDC  District 06  VACANT

---

## PLA - PERMIT AND LICENSE APPEAL BOARD

Membership: 15 members, one appointed by each City Council member.            Quasi-Judicial

ALL TERMS END:  09/30/2021

Staff Support: DAWNA BROWN, BOARD COORDINATOR

CITY SECRETARY'S OFFICE                              Phone: 214-670-3741

CITY HALL - 5DS                                      Fax: 214-670-5029
DALLAS, TEXAS 75201

**District 01  NANCY  GALVAN**                H F   01  I  Holdover
                                             Nominated by: WEST
                                             Terms served: 1
                                             Member since: 6/19/2020

**District 02  VACANT**
                                             Nominated by: MORENO

**District 03  VACANT**
                                             Nominated by: THOMAS

**District 04  VACANT**
                                             Nominated by: ARNOLD

**District 05  VACANT**
                                             Nominated by: RESENDEZ

**District 06  VACANT**
                                             Nominated by: NARVAEZ

**District 07  DERRICK  NUTALL**             B M   07  I  Holdover
                                             Nominated by: BAZALDUA
                                             Terms served: 1
                                             Member since: 12/3/2019

**District 08  VACANT**
                                             Nominated by: ATKINS

**District 09  RICHARD  CUCCIA**             H M   09  I  Holdover
                                             Nominated by: BLACKMON
                                             Terms served: 1
                                             Member since: 11/25/2019

**District 10  DERRICH  PHILLIPS**

B M   10   I   Holdover
Nominated by: MCGOUGH
Terms served: 1
Member since: 11/21/2019

**District 11  KENNETH  STEINHART**

W M   11   I   Holdover
Nominated by: SCHULTZ
Terms served: 0
Member since: 11/2/2020

**District 12  BOB  T  RICHARD**

W M   12   I   Holdover
Nominated by: MENDELSOHN
Terms served: 4
Member since: 11/8/2013

**District 13  CHARLES W  KIGHT**

W M   13   I   Holdover
Nominated by: GATES
Terms served: 4
Member since: 1/22/2012

**District 14  VACANT**

Nominated by: RIDLEY

**District 15  BENJAMIN  SETNICK**

CHAIR (H)

W M   09   I   Holdover
Nominated by: JOHNSON
Terms served: 1
Member since: 10/24/2019

Exhibit 9



**City of Dallas**

# PERMIT AND LICENSE APPEAL BOARD (PLAB)
# MEETING MINUTES
## February 4, 2021
## 8:30 a.m.

**Members Present:**  Benjamin Setnick, Chair
Brandi Patterson
Derrick Nutall
Richard Cuccia
Derrich Phillips
Kenneth Steinhart
Charles Kight
Greg Haynes Johnson

**Members Absent:**  Nancy Galvan
Bob T. Richard

**Staff Present:**  Anna Holmes, Board General Counsel
Neva Dean, Assistant Director, DEV
Bilierae Johnson, City Secretary, CSO
Miroslava Martinez, Assistant City Secretary, CSO
Dawna Brown, Board Coordinator, CSO
Ashley DeLaRosa, Administrative Specialist, CSO

## Call to Order

The meeting was called to order at 8:31 a.m. by Chair Setnick.

## Agenda Item 1 – Public Speakers

No speakers addressed the Board.

## Agenda Item 2 – Approval of January 7, 2021 Meeting Minutes

- January 7, 2021 Regular Meeting

Boardmember Nutall moved to adopt the minutes as presented. Motion seconded by Boardmember Kight and unanimously adopted.

**Agenda Item 3 – Briefing and discussion regarding notice to owners of properties affected by the location restrictions**

Neva Dean, Assistant Director for Current Planning in the Department of Sustainable Development provided the Board with a presentation regarding location restrictions.

**Adjournment**

The meeting was adjourned at 9:21 a.m.


_____
Benjamin Setnick, Chair